KANK REALTY COMPANY, Plaintiff, *v.* BERNARD BROWN, Defendant.

(County Court, Saratoga County, February, 1921.)

Adjoining land owners — falling branch of tree — when action for trespass will not lie.

> Where during a storm of unusual violence one of the limbs of a tree on defendant's land was so broken that it overhung plaintiff's land, the mere fact that defendant's agent, an experienced man, went upon plaintiff's land and in attempting in a proper manner to remove the limb, which as a result of his weight and movements in the tree had fallen upon plaintiff's house, doing damage, does not constitute an actionable trespass, and defendant's motion for a dismissal of the complaint will be granted.

ACTION in trespass.

John A. Slade, for plaintiff.

Harold H. Corbin, for defendant.

County Court, Saratoga County, February, 1921.    [Vol. 114.

McKELVEY, J. The parties are the owners of adjoining premises at Saratoga Springs, upon each of which there is erected a dwelling house. A tree of medium size stood on the defendant's lands near the boundary. A wind storm of unusual violence broke one of the limbs of the tree so that it overhung the plaintiff's premises and menaced his dwelling. A short time thereafter the defendant employed an experienced man to remove the limb. When the man went into the tree with his ropes and other appliances the limb, already weakened, fell as the result of his weight and his movements. Striking the plaintiff's house it caused damages, the amount of which the jury have estimated by a special finding which is not questioned.

The plaintiff sues in trespass, there being neither proof nor allegation of negligence. Moreover, the defendant's agent, sworn by plaintiff, testified that what he did was necessary and proper, and was done in a proper manner.

The question is, then, whether the mere fact that an agent of defendant went upon plaintiff's lands, and in doing a proper act in a proper manner, caused damage, constitutes an actionable trespass. I call it a proper act because, with the limb thus menacing his neighbor's dwelling, it was his moral duty to remove the menace, regardless of whether, in strict legal theory, it was or was not his legal obligation. This question, thus presented upon a remarkably simple state of facts, has been somewhat disturbing both to court and counsel, and I was in such doubt upon the trial that I deemed it the better practice to reserve decision upon the defendant's motion for dismissal, pending the determination by the jury of the amount of damages, and also of the question whether the limb did in fact fall by reason of the act of defendant's

agent. The findings of the jury that the fall of the limb was due to an act of defendant's agent, and also as to the amount of damages, are unchallenged by the parties.

The determination of this question depends entirely, in my opinion, upon whether there was or was not a trespass, within the meaning of the rules which have been applied to that form of action from time immemorial; and a careful examination of a number of the cases cited on both sides leads me to the conclusion that an actionable trespass, such as would carry the right to damages, must necessarily presuppose and involve a wrongful or unjustifiable entry upon the lands of another; or the performance of some improper, careless, wrongful or unnecessary act thereon.

An act done in good faith, in a careful and proper manner, and in the performance of a legal or moral duty, does not, in my opinion, constitute such a trespass. In this holding I believe I am supported by the more authoritative cases, and I feel that the language of Judge Earl in *Losee* v. *Buchanan,* 51 N. Y. 476, 484, not only illustrates the distinction very clearly, but covers the present case in apt and concise terms. Speaking of the general rule of trespass the learned judge said: " The rule, as thus announced, has many exceptions, even when one makes a personal entry upon the lands of another. I may enter my neighbor's close to succor his beast whose life is in danger; to prevent his beasts from being stolen or to prevent his grain from being consumed or spoiled by cattle; or to carry away my tree which has been blown down upon his land, or to pick up my apples which have fallen from my tree upon his land, or to take my personal property which another has wrongfully taken and placed there, or to escape from one who threatens my life."

County Court, Saratoga County, February, 1921. [Vol. 114.

This appeals to me as a fair statement of the rule, for all the purposes of the case at bar. It accords with the justice and equity of the present situation, and its application will prevent what would otherwise result in a palpable injustice.

So far as this proof goes, the tree was not dangerous before the storm — it became a menace to plaintiff's property by reason of an act of God, and without the intervention or fault of defendant. Finding it thus a menace to his neighbor's home, the defendant, with reasonable diligence and prudence, and through the medium of an experienced agent exercising due care, attempted to remove it in the usual way and in a careful manner. Its fall is not claimed to have been due to negligence or want of care.

If I am correct in my conception of an actionable trespass, and unless it can be held that every entry upon another's lands, for purpose right or wrong, and with method good or bad, must impose liability for damages for any and all accidental occurrences, I think that there can be no basis for recovery in the case at bar. Had the plaintiff alleged and proven negligence of any kind, or in any respect, then, confessedly, the rule would be otherwise; but this is plainly and definitely an action for trespass, and nothing more.

I therefore grant the defendant's motion for the dismissal of the complaint, upon which decision was reserved pending the answer of the jury to the special questions submitted.

Ordered accordingly.